Abraham Dervishian, Esq., CA SBN 262938
Erik Zograbian, Esq., CA SBN 245144
Karabed Mikaelian, Esq., CA SBN 344212
D & Z Law Group, LLP
1646 Victory Blvd.
Glendale, CA 91201
Telephone: 818 937-9433
Facsimile: 818 230-1910

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMINA CRUZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNITED STATES POSTAL SERVICE; TANISHA MONIA JONES; and Does 1 to 50,<br><br>  Defendants. | Case No.: 2:25-cv-07850<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. GENERAL NEGLIGENCE |

PLAINTIFF ALLEGES AS FOLLOWS:

**JURISDICTION AND VENUE**

1.   This Court has subject-matter jurisdiction over this matter pursuant to the authority conferred by the Federal Tort Claims Action as district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. §1346(b).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. § 139l(b) on the basis that: (1) a substantial part of the events or omissions giving rise to this action occurred within this judicial district; and (2) the parties are located within this judicial district. This action should be assigned to the WESTERN DIVISION because the negligent acts, omissions, and events that are the subject of this complaint all occurred within the County of Los Angeles and the Plaintiff resides in LOS ANGELES County.

3. The amount in controversy in this action exceeds the jurisdictional limit for a Federal tort claim, based on medical expenses incurred and pain and suffering experienced by the Plaintiff.

## PARTIES

4. Plaintiffs GUILLERMINA CRUZ was and is at all times an individual residing in the County of Los Angeles in the State of California.

5. At all relevant times, Defendant UNITED STATES POSTAL SERVICE (Hereafter "USPS"), was a governmental department, agency, and/or entity organized and existing under the laws of THE UNITED STATES OF AMERICA that, among other things, owned and operated motor vehicles where the subject incident occurred.

6. Plaintiffs are informed and believe that Defendant TANISHA MONIA JONES (Hereafter "JONES") is an individual who at all times relevant herein was a resident of the State of California, County of Kern and was in the course and scope of her employment for defendant USPS.

7. The true names and capacities, whether individual, corporate, associate, representative, political, governmental, or otherwise, of Defendants named herein as DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and they are therefore sued by such fictitious names pursuant to California Code of Civil Procedure §474. PLAINTIFF will amend this complaint to allege the true names and capacities of

1  DOES 1 through 50 when PLAINTIFF discovers such true identities. Each of the DOE
2  Defendants is in some manner legally responsible for the violations of law alleged herein.

3      8.    The acts charged in this complaint as having been done by Defendants
4  and the DOE Defendants were authorized, ordered, ratified, or done by their officers,
5  agents, employees, Representatives, and/or controlling governmental
6  departments/agencies, while actively engaged in the management of the Defendants'
7  business or affairs.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9      9.    On or about October 15, 2024, PLAINTIFF filed a written tort claim, by
10 and through the submission of a "Standard Form 95 –Claim For Damage, Injury, or Death"
11 with the UNITED STATES POSTAL SERVICE. The written tort claim was based on the
12 October 19, 2023 personal injury incident that is the subject of this complaint.

13     10.    The UNITES STATES POST OFFICE rejected or failed to provide notice
14 of rejection of claim prior to the running of the applicable statute of limitations.

15     11.    Accordingly, PLAINTIFF has fully complied with and exhausted their
16 administrative remedies under the Federal Tort Claims Act

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18     12.    The location of the subject motor vehicle collision (hereinafter
19 "LOCATION") where the Plaintiff was injured is located in or about the city of
20 Lancaster, California in Los Angeles county.

21     13.    At all relevant times, LOCATION was open to the general public,
22 including PLAINTIFF, for public use and enjoyment.

23     14.    Defendants, JONES and Does 1 to 50, inclusive, in the manner described
24 above, operated a vehicle negligently in the course and scope of employment for
25 defendant USPS and Does 1 to 50, inclusive.

26     15.    Defendants, JONES and Does 1 to 50, inclusive, made an unsafe and
27 illegal maneuver on a public roadway, causing a collision with plaintiffs' vehicle.

16. As a direct and proximate result of the acts and omissions stated herein, the plaintiff suffered physical, mental and emotional injuries and other damages.

17. PLAINTIFF sought care from a variety of health care providers, incurring related costs for that care.

18. The wrongful acts and/or omissions of Defendants, and each of them, described do not involve the exercise of discretion or the weighing of social, economic, political, or policy considerations.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE – ALL DEFENDANTS

19. PLAINTIFF repeats and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1-18 above and further alleges as follows:

20. At all relevant times, Defendants, and each of them, owed duties of care to the general public, including PLAINTIFF, to operate a vehicle on a public roadway in a safe and prudent manner, in obedience of all traffic laws, so as not to cause a hazard or harm to other drivers.

21. Defendants, and each of them, breached their duties of care by, among other things, making and unsafe and illegal turning maneuver upon a public roadway, and failing to yield right of way to oncoming traffic, as required by law.

22. At all relevant times, PLAINTIFF was exercising reasonable care and caution for her own safety, and was properly observing all applicable traffic laws.

23. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, and each of them, PLAINTIFF suffered extensive bodily injuries as described herein. Additionally, PLAINTIFF has incurred substantial past medical expenses; will incur substantial future medical expenses; has suffered a loss of earning potential; and has suffered substantial emotional distress, mental anguish, anxiety, and stress.

24. The negligence, carelessness, recklessness, and/or other wrongdoing of Defendants, and each of them, was a substantial factor in causing the injuries and damages sustained by PLAINTIFF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. Special damages in a sum to be proven at the time of trial;
2. General Damages in a sum to be proven at the time of trial;
3. Pre- and post-judgment interest as permitted by law;
4. Costs of suit incurred herein, and
5. Any further relief as may be deemed proper by this court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues found to be triable.

DATED: August 21, 2025                                D & Z LAW GROUP, LLP

_____
Erik Zograbian, Esq.
Abraham Dervishian, Esq.
Karabed Mikaelian, Esq.
Attorney for Plaintiffs